a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MELVIN T BELL #22485-075,<br>Petitioner | CIVIL DOCKET NO. 1:21-CV-03859<br>SEC P |
| VERSUS | JUDGE DRELL |
| S MERENDINO,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Melvin T. Bell ("Bell"). Bell is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Bell challenges his mail fraud convictions.

Because Bell's direct appeal is pending in the appellate court, his Petition should be DISMISSED for lack of jurisdiction.

I. Background

Bell was convicted of three counts of mail fraud in the United States District Court for the Northern District of Illinois. *See United States v. Bell*, 1:13-CR-0949 (N.D. Ill.); ECF Nos. 634, 638. He was sentenced to 150 months of imprisonment. *Id.* Bell filed an appeal in the United States Court of Appeals for the Seventh Circuit, which remains pending. *See United States v. Bell,* No. 20-2679 (7th Cir.).

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Bell claims that he is not challenging his conviction or sentence. However, the allegation that Bell's imprisonment is unlawful because the sentencing court lacked jurisdiction necessarily calls into question the validity of his conviction and sentence.

Because Bell's direct appeal is still pending, he cannot show that the § 2255 remedy is inadequate or ineffective. *See United States v. Pirro*, 104 F.3d 297, 298–300 (9th Cir. 1997) (pendency of direct appeal does not render § 2255 inadequate or ineffective); *Poff v. Carr*, 4:21-CV-585, 2021 WL 4168768 (N.D. Tex. 2021); *Risby v. Wendt*, No. 3:04-CV-0291, 2004 WL 828067 (N.D. Tex. 2004), *Report and Recommendation adopted*, 2004 WL 937013 (N.D. Tex. 2004).

Moreover, a petitioner cannot collaterally attack his conviction until it has been affirmed on direct appeal. *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011); *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988). Thus, Bell may yet obtain relief through his still pending appeal and/or a first motion under § 2255. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that a § 2255 motion is "not entitled to consideration on the merits" when the direct appeal remains pending).

### III. Conclusion

Because Bell cannot proceed under § 2241, IT IS RECOMMENDED that his Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue and WITHOUT PREJUDICE as to the merits of Bell's claims.[1]

---

[1] *Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, December 6, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE